**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

FREEDOM WATCH, INC,
2020 Pennsylvania Avenue, N.W.
Suite 345
Washington, D.C. 20006

               Plaintiff,

v.

RESPONSE UNLIMITED, INC.
284 Shalom Rd
Waynesboro, VA, 22980

       and

PHILIP ZODHIATES
Individually and in his corporate capacity
c/o 284 Shalom Rd
Waynesboro, VA, 22980

       and

JOEL BAUGHER
Individually and in his corporate capacity
c/o 284 Shalom Rd
Waynesboro, VA, 22980

              Defendants.

**17-cv-22777**
**Judge Cecilia M. Altonaga**

<u>**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**</u>

      Plaintiff Freedom Watch, Inc. ("Freedom Watch") respectfully moves this the Clerk and this Court for entry of a default as to Defendant Response Unlimited, Inc. ("Response Unlimited") and Defendant Joel Baugher, upon the Amended Complaint filed and served upon the two Defendants, in accordance with the provisions of Federal Rule of Civil Procedure ("FRCP") 55(b)(2) and in support shows the Clerk and this Court the following:

1.      On July 27, 2017, Plaintiff Freedom Watch filed in the U.S. District Court for the Southern District of Florida, an Amended Complaint. A copy of the Amended Complaint is attached hereto as Exhibit 1 as is incorporated herein by reference.

2.      On July 31, 2017, a copy of this Amended Complaint and a Summons in a Civil Action were served upon Defendant Response Unlimited located at 284 Shalom Road, Waynesboro, Virginia 22980. A copy of the Affidavit of Process Server is attached hereto as Exhibit 2 and is incorporated herein by reference.

3.      On July 31, 2017, a copy of this Amended Complaint and a Summons in a Civil Action were served upon Defendant Joel Baugher located at 284 Shalom Road, Waynesboro, Virginia 22980. A copy of the Affidavit of Process Server is attached hereto as Exhibit 3 and is incorporated herein by reference.

4.      Since being served on July 31, 2017, Defendant Response Unlimited has failed to answer the Amended Complaint within the twenty-one (21) day period and has therefore defaulted.

5.      Since being served on July 31, 2017, Defendant Joel Baugher has failed to answer the Amended Complaint within the twenty-one (21) day period and has therefore defaulted.

6.      Pursuant to the provisions of FRCP 55(b)(2), the Clerk and this Court are empowered to enter a default against Defendant Response Unlimited and Defendant Joel Baugher for relief sought by Plaintiff Freedom Watch in its Amended Complaint.

**Dated**: August 22, 2017

                                   Respectfully submitted,

                                   */s/ Larry Klayman*
                                   Larry Klayman, Esq.
                                   KLAYMAN LAW GROUP, P.A.
                                   Bar No: 246220

7050 W. Palmetto Park Rd. #15-287
Boca Raton, FL, 33433
Tel: (561)-558-5536
Email: leklayman@gmail.com

Attorney for Plaintiff

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

FREEDOM WATCH, INC,
2020 Pennsylvania Avenue, N.W.
Suite 345
Washington, D.C. 20006

            Plaintiff,

v.

RESPONSE UNLIMITED, INC.              **AMENDED COMPLAINT**
284 Shalom Rd
Waynesboro, VA, 22980

     and

PHILIP ZODHIATES
Individually and in his corporate capacity
c/o 284 Shalom Rd
Waynesboro, VA, 22980

     and

JOEL BAUGHER
Individually and in his corporate capacity
c/o 284 Shalom Rd
Waynesboro, VA, 22980

          Defendants.

## I.    INTRODUCTION

Plaintiff Freedom Watch Inc. ("Plaintiff") brings this action against Defendants Response Unlimited, Inc. ("Defendant Response Unlimited"), Philip Zodhiates ("Defendant Zodhiates") and Joel Baugher ("Defendant Baugher") (collectively "Defendants" unless individually named). Plaintiff, a non-profit 501(C)(3) corporation retained Defendant Response Unlimited, which was at all material times led by Defendant Zodhiates and Defendant Baugher, to perform fundraising and other related services, including but not limited to, direct mailing services. Plaintiff, as a

1

non-profit, public interest organization, relied heavily upon income raised by fundraisers, such as Defendant Response Unlimited, in order that it may continue operations. The great bulk of its fundraising/ direct mailing efforts were in large part targeted to and in this judicial district. Plaintiff recently discovered that Defendants, each and every one of them, jointly and severally misappropriated and misused, intentionally and negligently, Plaintiff's property and resources for their own financial gain. This illegal, tortious and fraudulent conduct was likely performed so that Defendant Zodhiates could pay legal fees for the criminal prosecution and  civil litigation that was filed  against him for conspiracy to commit intentional parental kidnapping.[1]

Plaintiff discovered that Defendants, among other illegal, tortious and fraudulent conduct had rented out Plaintiff's mailing lists and used them without compensating Plaintiff and that Defendants had misappropriated Plaintiff's name and image for their own financial benefit. Indeed, as recent as April of 2017, Defendants were still misappropriating Plaintiff's name and image, among other illegal, tortious and fraudulent conduct. As such, Plaintiff requests a preliminary and permanent injunction barring Defendants from using Plaintiff's name and image, and mailing Plaintiff's names, an equitable accounting, as well as compensatory and punitive damages.

## II.    JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction).

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district

---

[1] *Virginia Man Convicted in Vermont Same-Sex Kidnap Case*, Fox News, Sep. 29, 2016, available at: http://www.foxnews.com/us/2016/09/29/virginia-man-convicted-in-vermont-same-sex-kidnap-case.html

### III.    PARTIES

3.    Plaintiff Freedom Watch, Inc. is a non-profit 501(c)(3) corporation incorporated in the District of Columbia and registered to do business in Florida. A large part of the bulk of Plaintiff's fundraising/ direct mailing efforts by and through the Defendants were targeted to and in the State of Florida and particularly in this district. Indeed, Defendants began fundraising for the chairman and general counsel of Plaintiff, Larry Klayman, in this district and state when Klayman ran as a Republican primary candidate for the U.S. Senate in Florida in 2003-2004. Larry Klayman is a citizen of Florida.

4.    Defendant Response Unlimited, Inc. is a corporation incorporated in the state of Virginia which headquarters is located at 284 Shalom Rd, Waynesboro, VA, 22980

5.    Defendant Phillip Zodhiates is an individual and was, at all material times to this action, a resident and citizen of the state of Virginia. He is being sued in his individual capacity and in his corporate capacity as one of the principals of Defendant Response Unlimited.

6.    Defendant Baugher is an individual and was, at all material times to this action, a resident and citizen of the state of Virginia. He is being sued in his individual capacity and in his corporate capacity as one of the principals of Defendant Response Unlimited.

### IV.    STANDING

7.    Plaintiff has standing to bring this action because it has been directly affected and victimized by the unlawful conduct complained herein in this district.   Its injuries are proximately related to the conduct of Defendants in this district, each and every one of them, jointly and severally.

### V.    FACTS

8.     Plaintiff is a non-profit 501(c)(3) corporation that does public interest litigation, among other activities.

9.     At all material times, Plaintiff entered into an agreement, fiduciary relationship and course of dealing with Defendant Response Unlimited and the other defendants, which was founded and led by Defendants Zodhiates and Baugher, to provide fundraising and other related services for Plaintiff, including but not limited to direct mailing and other fundraising and related services.

10.     Plaintiff relied on Defendants, each and every one of them, jointly and severally, to perform fundraising and other related services, and placed a trust and confidence in and thus detrimentally relied on Defendants to honestly and competently perform their fundraising duties since Plaintiff relied on Defendants' fundraising and other related services in order to continue its operations.

11.     Defendants accepted Plaintiff's trust and confidence by agreeing to perform fundraising and other related services for Plaintiff, while knowing that Plaintiff relied upon Defendants' services to continue operations and make a financial return to do so.

12.     Defendants, each and every one of them, jointly and severally, owed Plaintiff a fiduciary duty to perform their duties honestly, diligently and competently.

13.     Defendants promised to Plaintiff that, at all times, they were conducting fundraising and other related services on behalf of Plaintiff honestly, diligently and competently and not misappropriating and misusing Plaintiff's resources, names and image for their own financial gain, without providing the appropriate remuneration and benefit to Plaintiff.

14.     As a result of Defendants' promises, Plaintiff continued to use and rely on Defendants for fundraising and other related services.

15.     Recently Plaintiff discovered that Defendants had been illegally, tortuously and fraudulently and in breach of the agreement and duty of care between the parties as a result of their fiduciary relationship and commensurate duties, been misappropriating and misusing Plaintiff's resources, intellectual property and property, names and image for their own financial gain, without providing the appropriate remuneration and benefit to Plaintiff.

16.     Defendants' illegal, tortious and fraudulent conduct include, but is not limited to (1) renting out and using for their own benefit without authorization Plaintiff's mailing lists and intellectual property and property, which  without providing remuneration or other benefit to Plaintiff; (2) misappropriating Plaintiff's name and image and intellectual and other property in direct mailings without providing remuneration to Plaintiff; (3) intentionally and negligently under-mailing Plaintiff's fundraising materials while using Plaintiff's name and image and intellectual and other property for their own benefit; (4) exchanging and using Plaintiff's mailing lists with themselves and other organizations, corporations, and groups for their own benefit, and (5) misappropriating monies that were actually fundraised on Plaintiff's behalf, and (6) presenting fraudulent invoices to Plaintiff, which were inflated with non-existent costs or hidden additions, as well as other illegal,  tortious  and fraudulent conduct as will be revealed during discovery.

17.     Defendants committed this illegal, tortious and fraudulent conduct so that Defendant Zodhiates and the other Defendants could direct Plaintiff's monies to pay legal fees for the criminal prosecution against Defendant Zodiates as well as civil litigation against him for conspiracy to commit intentional parental kidnapping, as well as for other improper purposes and ends[2]

---

[2] *supra* note 1.

18.     Defendants' illegal, tortious and fraudulent conduct continues to this day. Recently, Plaintiff discovered that Defendants were still illegally using Plaintiff's name and image in their direct mailings, as Defendants inadvertently mailed incriminating documentation to Plaintiff as part of the mailing lists, as well as continue to commit other illegal, tortious, and fraudulent conduct as set forth in the preceding paragraphs of this Amended Complaint.

### FIRST CAUSE OF ACTION
*Breach of Contract*

19.     Plaintiff repeats and re-alleges all the previous allegations of the entirety of this Amended Complaint, including but not limited to the Introduction, with the same force and affect, as if fully set forth herein again at length.

20.     Plaintiff and Defendant Response Unlimited, which was founded by and led by Defendants Zodhiates and Baugher, entered into an agreement, fiduciary relationship and course of dealing whereby Defendant Response Unlimited would provide fundraising and other related services for Plaintiff in exchange for monies.

21.     Under the terms of the agreement, fiduciary relationship and course of dealing, Defendant Response Unlimited could not rent out, use or exchange Plaintiff's mailing lists without providing remuneration to Plaintiff. Defendants breached the agreement, violated their fiduciary relationship and course of dealing by renting out Plaintiff's mailing lists and taking other illegal and/or negligent actions to enrich themselves without providing remuneration to Plaintiff.

22.     Under the terms of the agreement and course of dealing, Defendant Response Unlimited could not misappropriate or use Plaintiff's name and image in their mailings for their own financial benefit. Defendants breached the agreement, fiduciary relationship and course of

6

dealing by misappropriating and using Plaintiff's name and image and committing other illegal acts in their mailings and other fundraising activities for their own financial benefit.

23.     Under the terms of the agreement, fiduciary relationship and course of dealing, Defendant Response Unlimited could not retain any monies fundraised and obtained for Plaintiff for Defendants' own benefit. Defendants breached the agreement, fiduciary relationship and course of dealing by misappropriating monies fundraised for Plaintiff for Defendants' own benefit.

24.     Defendants breached the agreement, fiduciary relationship and course of dealing by under-mailing Plaintiff's fundraising materials, as well as taking other illegal and negligent actions to the detriment of Plaintiff to enrich Defendants at Plaintiff's expense.

25.     As a result of Defendants' breach, Plaintiff has not received the benefit of its bargain with Defendants. Plaintiff has been damaged in an amount to be determined at trial after this Court appoints a special master or other accounting expert to perform an equitable accounting of Defendants' books in order to determine the extent to which Defendants failed to provide Plaintiff with appropriate remuneration.

## SECOND CAUSE OF ACTION
### *Fraud*

26.     Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Amended Complaint, including but not limited to the Introduction, with the same force and affect, as if fully set forth herein again at length.

27.     Defendants, each and every one of them, jointly and severally, intentionally and repeatedly made misrepresentations of material fact to Plaintiff including, but not limited to, that Defendants were remunerating all appropriate funds to Plaintiff, among other actions intended to enrich themselves at the expense of Plaintiff.

28.     Defendants intentionally omitted the fact that they were renting out, using and exchanging and under mailing Plaintiff's mailing lists without providing remuneration to Plaintiff and misappropriating Plaintiff's name and image in their mailings for their own financial benefit, as well as engaging in other illegal, tortious and fraudulent fundraising activities as set forth in the preceding paragraphs.

29.     Defendants knew that these statements and/or omissions were material and that they were false

30.     Defendants made these false, material statements and/or omissions with the intent that Plaintiff would rely on them and thereby continue to use Defendant Response Unlimited for its fundraising efforts.

31.     Plaintiff reasonably relied on Defendants' false, material statements and/or omissions. Plaintiff was severely damaged thereby.

32.     Plaintiff's damages were directly and proximately caused by Defendants false, material statements and/or omissions.

### THIRD CAUSE OF ACTION
### *Injunctive Relief*

33.     Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Amended Complaint, including but not limited to the Introduction, with the same force and affect, as if fully set forth herein again at length.

34.     Defendants have misappropriated and used and continue to misappropriate and use Plaintiff's name and image and intellectual and other property for their own financial gain, as well engaged and continue to engage in the other illegal, tortious and fraudulent conduct as set forth in the preceding paragraphs to the detriment of Plaintiff.

35.     As a result of Defendants' illegal, tortious and fraudulent misappropriation and use and other illegal, tortious and fraudulent acts, Plaintiff has and will suffer irreparable injury in the form of monetary damage and damage to reputation, good will and financial well-being now and into the future.

36.     Plaintiff respectfully requests that this Court grant temporary, preliminary and permanent injunctive relief barring Defendants from using Plaintiff's name and image in any of their future mailings and fundraising activities, as well as using Plaintiff's copyrights, trademarks and other intellectual property.

## FOURTH CAUSE OF ACTION
### *Misappropriation of Trade Secrets*

37.     Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Amended Complaint, including but not limited to the Introduction, with the same force and affect, as if fully set forth herein again at length.

38.     Plaintiff's mailing lists constitute a valid trade secret in that it derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

39.     Plaintiff's mailing lists was subject to efforts that were reasonable under the circumstances to maintain its secrecy. Defendants were not allowed to disclose the contents of Plaintiff's mailing lists or use the contents of Plaintiff's mailing lists for their own benefit.

40.     Defendants improperly used Plaintiff's mailing lists and committed other illegal, tortious and fraudulent acts as set forth in the preceding paragraphs for their own financial benefit, without Plaintiff's express or implied consent.

41.     At the time of Defendants' improper use or Plaintiff's mailing lists, as well as the other illegal, tortious, and fraudulent acts as set forth in the preceding paragraphs, Defendants

knew that Defendants had acquired Plaintiff's mailing lists and committed other illegal, tortious and fraudulent acts as set forth in the preceding paragraphs under circumstances giving rise to a duty to maintain its secrecy and adhere to their other fiduciary duties or to limit its use to purposes strictly for Plaintiff's benefit.

42.   As a direct and proximate result of Defendants' improper use, Plaintiffs suffered damages to be determined by a jury at trial.

### FIFTH CAUSE OF ACTION
*Breach of Fiduciary Duty*

43.   Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Amended Complaint, including but not limited to the Introduction, with the same force and affect, as if fully set forth herein again at length.

44.   Defendants, each and every one of them, jointly and severally, owed Plaintiff a fiduciary duty based their professional relationship and on Plaintiff's reliance on Defendants to perform fundraising and other related services, and Plaintiff's trust and confidence in Defendants to honestly and competently perform its fundraising and other related duties since Plaintiff relied on Defendants' fundraising and other related services in order to continue its operations.

45.   Defendants accepted Plaintiff's trust and confidence by agreeing to perform fundraising and other related services for Plaintiff, while knowing that Plaintiff relied upon Defendants' services to continue operations.

46.   Defendants breached its fiduciary duties by (1) renting out and using for their own benefit without authorization Plaintiff's mailing lists, which  without providing remuneration or other benefit to Plaintiff; (2) misappropriating and using Plaintiff's name and image and intellectual and other property in direct mailings without providing remuneration to Plaintiff; (3) under-mailing Plaintiff's fundraising materials while using Plaintiff's name and image and

intellectual and other property for their own benefit; (4) exchanging and using Plaintiff's mailing lists with themselves and other organizations, corporations, and groups for their own benefit, and (5) misappropriating monies that were actually fundraised on Plaintiff's behalf, and (6) presenting fraudulent invoices to Plaintiff, which are inflated with non-existent costs, as well as other illegal, tortious and fraudulent conduct as will be revealed during discovery.

47.    As a direct and proximate result of Defendants' breach, Plaintiffs suffered damages to be determined by a jury at trial.

## SIXTH CAUSE OF ACTION
### *Promissory Estoppel*

48.    Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Amended Complaint, including but not limited to the Introduction, with the same force and affect, as if fully set forth herein again at length.

49.    Defendants promised to Plaintiff that, at all times, they were conducting fundraising and other related services on behalf of Plaintiff honestly and competently as set forth in the preceding paragraphs of this Amended Complaint and not misappropriating and intentionally or negligently misusing Plaintiff's resources, names and image and intellectual and other property for their own financial gain, without providing the appropriate remuneration and benefit to Plaintiff.

50.    As a result of Defendants' promise, Plaintiff continued to use Defendants for fundraising and other related services.

51.    As a result of Plaintiff's reliance on Defendants' promises, Defendants were able to misappropriate and misuse Plaintiff's resources and intellectual and other property by (1) renting out and using for their own benefit without authorization Plaintiff's mailing lists, which without providing remuneration or other benefit to Plaintiff; (2) misappropriating Plaintiff's

name and image and intellectual and other property in direct mailings without providing remuneration to Plaintiff; (3) under-mailing Plaintiff's fundraising materials while using Plaintiff's name and image and intellectual and other property for their own benefit; (4) exchanging and using Plaintiff's mailing lists with themselves and other organizations, corporations, and groups for their own benefit, and (5) misappropriating and using monies that were actually fundraised on Plaintiff's behalf, and (6) presenting fraudulent invoices to Plaintiff, which are inflated with non-existent costs, as well as other illegal, tortious and fraudulent conduct as will be revealed during discovery other illegal, tortious and fraudulent conduct as will be uncovered and revealed during discovery.

52.     As a direct and proximate result of Defendants' conduct, Plaintiffs suffered damages to be determined by a jury at trial.

<u>**SEVENTH CAUSE OF ACTION**</u>
***Negligence***

53.     Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Amended Complaint, including but not limited to the Introduction, with the same force and affect, as if fully set forth herein again at length.

54.     Defendants owed a duty to Plaintiff to fully and honestly and diligently and competently perform fundraising and other related duties on behalf of Plaintiff.

55.     Defendants breached that duty by (1) renting out and using for their own benefit without authorization Plaintiff's mailing lists, which  without providing remuneration or other benefit to Plaintiff; (2) misappropriating Plaintiff's name and image and intellectual and other property in direct mailings without providing remuneration to Plaintiff; (3) under-mailing Plaintiff's fundraising materials while using Plaintiff's name and image and intellectual and other property for their own benefit; (4) exchanging and using Plaintiff's mailing lists with other

organizations, corporations, and groups for their own benefit, and (5) misappropriating monies that were actually fundraised on Plaintiff's behalf, and (6) presenting fraudulent invoices to Plaintiff, which are inflated with non-existent costs, as well as other illegal,  tortious  and fraudulent conduct as will be revealed during discovery.

56.    As a direct and proximate result of Defendants' conduct, Plaintiffs suffered damages to be determined by a jury at trial.

### EIGHTH CAUSE OF ACTION
***Unjust Enrichment***

57.    Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Amended Complaint, including but not limited to the Introduction, with the same force and affect, as if fully set forth herein again at length.

58.    Plaintiff conferred a tangible benefit upon Defendants in the form of monies in exchange for Defendants' purported fundraising and other related services

59.    Defendants had knowledge of the monies paid to them and accepted and kept the monies paid to them

60.    It would be unjust to allow Defendants to keep the monies paid to them for their purported fundraising and other services because Defendants engaged in misconduct by (1) renting out and using for their own benefit without authorization Plaintiff's mailing lists, which without providing remuneration or other benefit to Plaintiff; (2) misappropriating and using Plaintiff's name and image and intellectual and other property in direct mailings without providing remuneration to Plaintiff; (3) under-mailing Plaintiff's fundraising materials while using Plaintiff's name and image and intellectual and other property for their own benefit; (4) exchanging and using Plaintiff's mailing lists with themselves and other organizations, corporations, and groups for their own benefit, and (5) misappropriating monies that were

actually fundraised on Plaintiff's behalf, and (6) presenting fraudulent invoices to Plaintiff, which are inflated with non-existent costs, as well as other illegal, tortious and fraudulent conduct as will be revealed during discovery.

61.    As a direct and proximate result of Defendants' conduct, Plaintiffs suffered damages to be determined by a jury at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants as follows:

(a) For general (non-economic), special (economic), actual and compensatory damages in excess of $3,000,000.

(b) For punitive damages in excess of $20,000,000.

(c) For equitable, declaratory, and injunctive relief that this Court deems proper.

(d) For the appointment of a special master or an accounting expert, at Defendants' expense, to conduct an equitable accounting of Defendants' books to determine the extent to which Defendants failed to provide appropriate remuneration and other benefit to Plaintiff.

## DEMAND FOR JURY TRIAL

**Plaintiff demands a trial by jury on all counts as to all issues so triable.**

Dated: July 27, 2017                     Respectfully submitted,

                                         */s/ Larry Klayman*
                                         Larry Klayman, Esq.
                                         KLAYMAN LAW GROUP, P.A.
                                         Bar No: 246220
                                         7050 W. Palmetto Park Rd. #15-287
                                         Boca Raton, FL, 33433
                                         Tel: (561)-558-5536
                                         Email: leklayman@gmail.com

                                         Attorney for Plaintiff

EXHIBIT 2

## AFFIDAVIT OF PROCESS SERVER

### United States District Court for the Southern District of Florida

Freedom Watch, Inc.

     Plaintiff(s),

VS.

Response Unlimited, Inc., et al

     Defendant(s).

Attorney: Larry Klayman, Esq.

Klayman Law Firm
2020 Pennsylvania Avenue, N.W., #345
Washington DC 20006



*218323*

Case Number: 1:17-cv-22777-CMA

Legal documents received by Same Day Process Service, Inc. on 07/27/2017 at 12:08 PM to be served upon **Response Unlimited, Inc. at 284 Shalom Rd., Waynesboro, VA 22980**

I, **Charles Sheffer**, swear and affirm that on **July 31, 2017 at 9:25 AM**, I did the following:

Served **Response Unlimited, Inc.** by delivering a conformed copy of the **Summons in a Civil Action; Amended Complaint** to Joel Baugher as **President & Authorized Agent** of Response Unlimited, Inc. at 284 Shalom Rd. , Waynesboro, VA 22980.

**Description of Person Accepting Service:**
Sex: Male Age: 50 Height: 5ft4in-5ft8in Weight: 161-200 lbs Skin Color: Caucasian Hair Color: Salt and Pepper

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

**Charles Sheffer**
Process Server

Same Day Process Service, Inc.
1413 K St., NW, 7th Floor
Washington DC 20005

(202)-398-4200

Internal Job ID: 218323



EXHIBIT 3

## AFFIDAVIT OF PROCESS SERVER

### United States District Court for the Southern District of Florida

Freedom Watch, Inc.

     Plaintiff(s),

VS.

Response Unlimited, Inc., et al

     Defendant(s).

Attorney: Larry Klayman, Esq.

Klayman Law Firm
2020 Pennsylvania Avenue, N.W., #345
Washington DC 20006



*218325*

Case Number: **1:17-cv-22777-CMA**

Legal documents received by Same Day Process Service, Inc. on **07/27/2017** at **12:09 PM** to be served upon **Joel Baugher at 284 Shalom Rd., Waynesboro, VA 22980**

I, **Charles Sheffer**, swear and affirm that on **July 31, 2017 at 9:25 AM**, I did the following:

**Personally Served Joel Baugher** the person listed as the intended recipient of the legal document with this **Summons in a Civil Action; Amended Complaint** at **284 Shalom Rd. , Waynesboro, VA 22980**.

**Description of Person Accepting Service:**
Sex: Male Age: 50 Height: 5ft4in-5ft8in Weight: 161-200 lbs Skin Color: Caucasian Hair Color: Salt and Pepper

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.



**Charles Sheffer**
Process Server

Same Day Process Service, Inc.
**1413 K St., NW, 7th Floor
Washington DC 20005**

**(202)-398-4200**

Internal Job ID:218325